**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: DAVE RICHARD MERCHANT

Case No. 26-02475-JAW
Chapter 13 Proceedings

**OBJECTION OF GULFCO OF MISSISSIPPI, LLC**
**TO CONFIRMATION OF PLAN**

Gulfco of Mississippi, LLC, doing business as Tower Loan of Brandon ("Tower"), files this Objection to Confirmation of Chapter 13 Plan which plan was filed by the Debtor herein (Debtor shall mean joint petitioners as necessary) for the following reasons:

1. Debtor has filed a petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§105 and 1325. This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A) and (L). Tower has filed, or will file, a proof of claim in this case as a secured creditor in the amount of $4,185.75.

2. As collateral for the indebtedness, Debtor pledged to Tower certain personal property. A copy of the documentation evidencing Tower's lien(s) is attached hereto.

3. Tower objects to confirmation on the basis that the Debtor has failed to schedule payment of the replacement value of the property in which Tower has a security interest at an acceptable rate of interest over the length of the Chapter 13 plan. Tower further objects to any Motions for Valuations or Claim per Section 3.2 of the plan that purports that Tower is an unsecured creditor and to any claims of exemption for any property that is not exemptible or subject to a prior intervening creditor.

4. In the event that Debtor proposes to avoid nonpossessory, non-purchase money security interest securing Tower's claim(s) on the basis it impairs exemptions to which Debtor

would be entitled under 11 U.S.C. § 522(b), and to the extent it does not, Tower denies that all of the property is exempt and objects to Debtor's claim of exemption for that property that is not exempt pursuant to Miss. Code Ann. § 85-3-1, et seq., or other applicable law.

5. Such failure is grounds for the denial of confirmation of the plan pursuant to §1325 of the Bankruptcy Code.

6. Should Debtor not be required to pay the replacement value of the collateral, then Tower requests that Tower be allowed to file an amended proof of claim as a general unsecured creditor.

WHEREFORE PREMISES CONSIDERED, Tower requests that this Court deny confirmation of the proposed plan for the reasons set forth and grant other such relief as the Court may deem proper and just.

Dated this 15th day of September, 2026.

GULFCO OF MISSISSIPPI, LLC

By: /s/ Joseph T. McDaniel
Its Attorney

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed with the Clerk of Court using the ECF system which sent notification, or mailed, via U.S. Mail, postage fully prepaid to non-ECF participants, a true and correct copy of the foregoing Objection of Tower Loan to Confirmation of Chapter 13 Plan to the following:

Thomas Carl Rollins, Jr
trollins@therollinsfirm.com

Office of the U.S. Trustee
USTPRegion05.AB.ECF@us.doj.gov

DaveRichard Merchant
609 Silver Cv
Pearl, MS 39208

Harold J. Barkley, Jr.
jjones@hbarkley13.com
Chapter 13 Trustee

Dated this 15th day of September 2026.

By: /s/ Joseph T. McDaniel
Its Attorney

Prepared By:

Joseph T. McDaniel
MSB#: 106499
406 Liberty Park Court
P.O. Box 320001
Flowood, MS 39232
Email: jmcdaniel@towerloan.com
Telephone: 601-992-0936
Facsimile: 601-992-5176

MSSB-113 (12/17)

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Dave Richard Merchant**<br>Full Name (First, Middle, Last) |
| Debtor 2<br>(Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number:<br>(If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| **1.1** | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ **Included** | ☐ **Not Included** |
| **1.2** | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ **Included** | ☐ **Not Included** |
| **1.3** | **Nonstandard provisions, set out in Part 8.** | ☐ **Included** | ☑ **Not Included** |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of **60** months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay **$1,179.50** (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**USPS**
**4040 Northview Dr**
**Jackson MS 39206-0000**



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Dave Richard Merchant** Case number

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** ☑ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1 Mtg pmts to **Huntington**
Beginning **10/2026** @ **$1,619.00** ☑ Plan ☐ Direct. Includes escrow ☑ Yes ☐ No

1 Mtg arrears to **Huntington** Through **9/2026** **$9,416.49**

**3.1(b)** ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-** address:
Mtg pmts to
Beginning month @ Plan Direct. Includes escrow Yes No

Property **-NONE-** Mtg arrears to Through

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-** Approx. amt. due: Int. Rate*:
Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ **-NONE-** /month, beginning month .



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Dave Richard Merchant** Case number

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** ***Check one.***.

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Magnolia Federal CU | $13,033.00 | 2013 Chevrolet Silverado 188000 miles | $13,400.00 | $13,033.00 | 8.50% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Dave Richard Merchant** Case number ____________

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| **Discovercard** | **609 Silver Cv Pearl, MS 39208 Rankin County** | **$2,894.00** | **$0.00** | **Judgment Lien** | **Rankin County Justice Court 217544** |
| **LVNV Funding LLC** | **609 Silver Cv Pearl, MS 39208 Rankin County** | **$1,414.00** | **$0.00** | **Judgment Lien** | **Rankin County Justice Court 231822** |
| **Tower Loan** | **609 Silver Cv Pearl, MS 39208 Rankin County** | **$3,135.00** | **$0.00** | **Judgment Lien** | **Rankin County Justice Court 234124** |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Navy Fcu** | **Savings: Navy Federal CU** |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: **4,600.00**

Total attorney fee charged: $**4,600.00**

Attorney fee previously paid: $**1,122.00**

Attorney fee to be paid in plan per confirmation order: $**3,478.00**

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ Internal Revenue Service **$12,542.46**.

☐ Mississippi Dept. of Revenue **$0.00**.

☐ Other ____________ **$0.00**.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

**4.5 Domestic support obligations.**

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO: **Marissa Scruggs**

POST PETITION OBLIGATION: In the amount of $ **1,191.67** per month beginning **9/2026**

To be paid ☑ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **0.00** through **n/a**

which shall be paid in full over the plan term, unless stated otherwise:

To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $

☑ **0.00** % of the total amount of these claims, an estimated payment of $ **0.00**

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.**

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures:

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Dave Richard Merchant**
**Dave Richard Merchant**
Signature of Debtor 1

X ______________________
Signature of Debtor 2



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Dave Richard Merchant** Case number

| | |
|---|---|
| Executed on **September 10, 2026** | Executed on |
| **609 Silver Cv**<br>Address | Address |
| **Pearl MS 39208-0000**<br>City, State, and Zip Code | City, State, and Zip Code |
| Telephone Number | Telephone Number |

X **/s/ Thomas C. Rollins, Jr.**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**
Telephone Number
**trollins@therollinsfirm.com**
Email Address

Date **September 10, 2026**

**103469 MS**
MS Bar Number



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

# MS. INSTALLMENT LOAN AGREEMENT AND DISCLOSURE STATEMENT

| LOAN NUMBER | BORROWER NAME | ADDRESS |
|---|---|---|
| [redacted] | DAVE MERCHANT | 609 SILVER CV PEARL, MS 39208-5003 |
| | CO-BORROWER NAME | ADDRESS |
| DATE OF LOAN | CO-BORROWER NAME | ADDRESS |
| 12/12/2025 | | |

Lender GULFCO OF MISSISSIPPI, LLC DBA TOWER LOAN OF BRANDON
P O BOX 101, BRANDON, MS, 39042

**FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Schedule of Consecutive Monthly Payments | |
|---|---|---|---|---|---|
| | | | | Number of payments | Amount of each payment |
| 52.12% | 2088.02 | 3033.98 | 5122.00 | 26 | 197.00 |
| | | | | 1[ST] Payment Due | Last Payment Due |
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | 1/11/2026 | 2/11/2028 |

**SECURITY:** You are giving a security interest in: Personal Property

Collateral securing this and other loans you have with us also secures other and future indebtedness.

**LATE CHARGE:** If a payment is more than 15 days late, you will be charged the greater of $5.00 or 4% of the payment, not to exceed $50.00

**FILING FEES:** $ 18.00

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty and you may be entitled to a refund of part of the finance charge.

See your Promissory Note and Security Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds.

**ITEMIZATION OF AMOUNT FINANCED UNDER FEDERAL LAW OF** $ 3033.98

| | |
|---|---|
| Amount given to you directly......... | $ 536.29 |
| Amount paid on your account............. | $ 1480.26 |
| **Amounts paid to others on your behalf (we may be retaining a portion of this amount):** | |
| Public officials ..... | $ 18.00 |
| Insurance company: Credit Life.......... | $ 177.56 |
| Credit Disability... | $ 235.61 |
| Credit Property .. | $ 266.50 |
| Unemp Ins (NAME) | $ 199.76 |
| Car Club (NAME) | $ 120.00 |
| (NAME) | $ 0.00 |
| (NAME) | $ 0.00 |
| (NAME) | $ 0.00 |
| (NAME) | $ 0.00 |
| (NAME) | $ 0.00 |
| Amount Financed **(TOTAL)**.......... | $ 3033.98 |

**INSURANCE:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the annual cost.

| TYPE | DEC. C.L. | LVL. C.L. | PREMIUM | SIGNATURES | | | |
|---|---|---|---|---|---|---|---|
| Single Credit Life | | X | $ 177.56 | I/We want credit Life insurance: | X: [signature] | X: | X: |
| Joint Credit Life | | | $ 0.00 | We want credit Life insurance: | X: | X: | X: |
| Credit Disability | X | | $ 235.61 | I want credit disability insurance: | X: [signature] | X: | X: |

**You may obtain property insurance from anyone you want, provided the insurance company is acceptable to the creditor.**
**If you get personal property insurance from or through the creditor, you will pay $** 266.50

☒ Dual Interest
☐ Single Interest

## PROMISSORY NOTE AND SECURITY AGREEMENT
## ALL INFORMATION IN THE ABOVE DISCLOSURE STATEMENT IS INCLUDED HEREIN BY REFERENCE

**PARTIES:** "Borrower" means all Borrowers signing below whether one or more; and "Lender" means the Lender named above.
**NOTE:** For value received, Borrower, jointly and severally, promises to pay to the order of Lender the "Total of Payments" (see above), in the monthly payments stated in the "Schedule of Payments" (see above) until paid in full. Any extension, renewal, renewals, or other indulgences by Lender shall not release Borrower. Borrower waives protest.
**LATE CHARGE:** Borrower shall pay Lender a late charge, the greater of $5.00 or 4% of the payment on any payment that continues unpaid for more than fifteen (15) days following its due date, but Borrower shall not pay more than $50.00 on any one scheduled payment.
**MATURITY:** Fifteen (15) days after the final installment is due, interest charged on any remaining balance shall be at the rate of interest as agreed in this contract.
**PREPAYMENT REFUND:** When Borrower prepays this loan in full one month or more before the final installment due date, then: (i) Lender shall refund the unearned finance charges, if any, computed by the actuarial method; However, if the prepayment occurs before the first installment due date, the lender shall refund the applicable interest on a pro-rata basis. A month shall be earned if the prepayment occurs one (1) or more days after the payment due date; (ii) Lender shall refund unearned credit insurance premium(s), if any, in accordance with the specific credit insurance policy.
**SECURITY INTEREST:** To secure payment of this loan, Borrower grants Lender a security interest in the property described below under "Security."
**BORROWER'S DUTIES:** If Lender requests, Borrower shall maintain fire, theft, and extended coverage insurance on the security. Such insurance policies shall be payable to Lender and Borrower as Borrower's interest shall appear and shall provide Lender with at least ten (10) days written notice before cancellation. In addition, Borrower shall keep the security at Borrower's address shown above, in good repair and free from adverse liens and security agreements.
**DEFAULT:** Borrower defaults when: (i) Borrower does not pay any payment in full when due; (ii) Borrower does not fully perform any of Borrower's duties under this agreement; (iii) Borrower moves the security without first giving Lender written notice; (iv) Borrower abandons the security; (v) any of the security is lost, stolen, not maintained, destroyed, or substantially damaged; (vi) Borrower death or incompetency; (vii) Borrower defaults under another Tower Loan agreement, or (viii) Lender reasonably deems itself insecure. If two (2) or more installments are delinquent one (1) full month or more on any due date, Lender may refund the unearned interest to the most recent maturing installment in default. Thereafter, the agreed rate of interest shall apply. Borrower agrees that if a lawsuit is filed, then Borrower shall be subject to pre-judgment interest at the stated Annual Percentage Rate and post judgment interest of 18% per annum.
**REMEDIES:** When Borrower defaults, Lender can take one or more of the following actions: (i) cancel any credit insurance and apply unearned premiums to the account; (ii)In accordance with the arbitration agreement, bring suit for or arbitrate the delinquent payments; (iii) accelerate and declare due, without notice or further demand for payment, the remaining balance (but in such event, upon receiving full payment, Lender shall rebate the unearned finance charge on the date of payment by using the method described in Prepayment Refund (above); (iv) repossess and dispose of any security as a secured party under the Mississippi Uniform Commercial Code; and/or (v) foreclose on any securing deed of trust on realty. Ten (10) days notice by regular mail to Borrower at the above address shall be reasonable notice to Borrower of any disposition of any security. Lender may hire or pay an attorney to help collect the Note or recover its collateral if Borrower does not pay or if Borrower files bankruptcy. Borrower will reimburse Lender for these costs. This includes, subject to limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees for bankruptcy proceedings (including efforts to lift, modify, or vacate any automatic stay or injunction), for defending against unsuccessful counterclaims, and appeals.
**OTHER INDEBTEDNESS:** The security agreement secures all other and future indebtedness Borrower owes to Lender. Collateral securing other loans Borrower has with Lender also secures this loan.
**GOVERNING LAW:** The construction, validity and enforcement of this loan agreement shall be governed by the laws of the State of Mississippi, without regard to the principles of conflicts of laws.
**This business is licensed and regulated by the Department of Banking and Consumer Finance. If you have any unresolved problem with a transaction at this location, you are entitled to assistance. Please call or write the Mississippi Department of Banking and Consumer Finance.**
**SECURITY:** The security to which the security interest granted hereunder attaches is indicated below and is more particularly described as follows:
**VALUE:** We represent to you the value of any personal property security below is ........................................$ 4,100.00

This value excludes the value of any motor vehicles, livestock, boats or mobile homes
PUSHMOWER, GAMES FOR PLAYSTATION 5, 3RD TV 65" FLATSCREEN LG, HIPOINT .45 PISTOL, PLAYSTATION 5, SMITH & WESSON 9MM, 2ND TV 55" FLATSCREEN LG, SCCY 9MM PISTOL, 4TH TV 65" LG FLATSCREEN, MACBOOK PRO 2021, DELL PC WITH GAMING MONITOR, STEEL WEEDEATER

**ARBITRATION AGREEMENT: BY SIGNING BELOW AND OBTAINING THIS LOAN, BORROWER AGREES TO THE ARBITRATION AGREEMENT ON THE ADDITIONAL PAGES OF THIS AGREEMENT. YOU SHOULD READ IT CAREFULLY BEFORE YOU SIGN BELOW. IMPORTANT PROVISIONS, INCLUDING OUR PRIVACY POLICY, ARE CONTAINED ON ADDITIONAL PAGES AND INCORPORATED HEREIN.**

pbtullos
12/12/2025
New Loan Document
Checked Data

| [signature] | | |
|---|---|---|
| BORROWER | BORROWER | BORROWER |

[redacted]

250452345

File Number: 20254729107A
Date Filed: 12/19/2025 2:33:00 PM
Michael Watson
Secretary of State

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**First Tower Corp** **601-992-0153**

B. EMAIL CONTACT AT FILER (optional)
**UCCFiles@towerloan.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**FIRST TOWER CORP.**
**P O BOX 320001**
**FLOWOOD, MS 39232-0001**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor Name (1a or 1b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR | | | | |
| **1b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | | **SUFFIX** |
| MERCHANT | DAVE | | | |
| **1c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| 609 SILVER CV | PEARL | MS | 39208-5003 | |

2. DEBTOR'S NAME: Provide only one Debtor Name (2a or 2b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR | | | | |
| **2b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | | **SUFFIX** |
| | | | | |
| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| GULFCO OF MISSISSIPPI, LLC | | | | |
| OR | | | | |
| **3b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | | **SUFFIX** |
| | | | | |
| **3c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| P O BOX 101 | BRANDON | MS | 39042 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

PUSHMOWER, GAMES FOR PLAYSTATION 5, 3RD TV 65" FLATSCREEN LG, HIPOINT .45 PISTOL, PLAYSTATION 5, SMITH & WESSON 9MM, 2ND TV 55" FLATSCREEN LG, SCCY 9MM PISTOL, 4TH TV 65'' LG FLATSCREEN, MACBOOK PRO 2021, DELL PC WITH GAMING MONITOR, STEEL WEEDEATER

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA
[redacted]44